UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DAVIS,

        Petitioner,               Case No.  05-71606

v.                                  District Judge Denise Page Hood
                                   Magistrate Judge R. Steven Whalen

H.J. MARBERRY,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Andre Davis, a federal prison inmate housed at the Federal Correction Institution at Milan, Michigan (FCI Milan) has filed a *pro se* civil rights complaint alleging denial of medical treatment in violation of his rights under the Eighth Amendment[1] [Docket #1].  He has also filed a Motion to Order Warden to Authorize Surgery [Docket #3].

---

[1] Plaintiff specifically bases his complaint on 42 U.S.C. §1983.  However, §1983 applies only to state, not federal actors. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("Section 1983 provides no remedy for deprivation of rights by federal official acting under the color of federal law"). The Eighth Amendment claim would therefore more properly be brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388; 91 S.Ct. 1999, 29; L.Ed.2d 619 (1971).  Because the *pro se* pleadings of a prison inmate are to be construed liberally, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"), the Court will construe Plaintiff's complaint as a *Bivens* action.

Defendant Marberry, Warden of FCI Milan, has filed a Waiver of Reply pursuant to 42 U.S.C. §1997e(g) [Docket #11].

The Court has undertaken a review of this Complaint pursuant to 28 U.S.C. §§1915(e)(2) and 1915A, and now recommends that the Complaint be dismissed without prejudice because of Plaintiff's failure to exhaust administrative remedies as required by 28 U.S.C. §1997e(a). In addition, the Court recommends that Plaintiff's Motion to Order Warden to Authorize Surgery [Docket #3] be denied.

### I.   FACTS

In 2002, while an inmate at a federal facility in Marion, Illinois, Plaintiff sought medical treatment for a foot condition. Believing that health care staff at the prison were unresponsive to his medical needs, he filed an administrative grievance requesting to be treated by a specialist.[2] The grievances were filed at the various steps of the grievance process between April and September, 2002. Subsequently, Plaintiff was in fact examined by an outside physician, Dr. Richard L. Morgan, M.D. Dr. Morgan wrote an evaluation on November 15, 2002, in which he diagnosed congenital hallux valgus bilaterally. He stated that "at some point [Plaintiff] is going to need a hallux valgus correction," but adding, "There is certainly no urgency or emergency that this needs to be done but clearly at some point it's going to need to be done."

---

[2]The grievance documentation from FCI Marion is attached to Plaintiff's Motion to Order Warden to Authorize Surgery [Docket #3] rather than his Complaint. However, both pleadings were filed contemporaneously.

Plaintiff alleges that "[b]efore surgery could be scheduled, [he] was transferred from FDC Marion to FCI Milan."[3] Plaintiff has not alleged nor documented that he completed any grievance procedure at FCI Milan, but rather argues that his grievance proceedings at FDC Marion satisfy the exhaustion requirement in this lawsuit, and that he "is not required to duplicate his Administrative Remedy steps, which were already completed at Marrion (sic), again at Milan." Plaintiff's Response to Defendant's Waiver of Reply, p.1.

## II. EXHAUSTION

### A. General Principles

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001). A failure to exhaust requires the dismissal of the unexhausted claims, even if those claims are otherwise properly stated. *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999).

In *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), the Sixth Circuit held that a prisoner-plaintiff bears the burden of demonstrating exhaustion in § 1983 cases, and must

---

[3] Motion to Authorize Surgery, p.2.

provide documentation showing exhaustion. *See also Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002). To satisfy the exhaustion requirement, an administrative grievance must be factually specific as to both the person and the acts complained of.  If a particular defendant has not been specifically named in a grievance, the claim as to that defendant has not been exhausted. In *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), the Sixth Circuit adopted a bright line rule that a grievance must specifically  name the person who is ultimately sued.  Rejecting the plaintiff's argument that such specificity imposed a heightened pleading requirement, the Court stated:

> "The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be § 1983 plaintiffs.  It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court." *Id.*, 249 F.3d at 505.

*See also Gibbs v. Bolden*, 151 F.Supp.2d 854, 857 (E.D. Mich. 2001); *Hartsfield v. Vidor* 199 F.3d 305, 308-09 (6th Cir. 1999).

In reaching its conclusion, *Curry* relied in part on *Freeman v. Francis, supra* at 644, where the Court stated that "the importance of using the prison grievance process [is] to alert prison officials to problems."

### B. The Bureau of Prisons Grievance Procedure

The Federal Bureau of Prisons has a four-step administrative process for resolving inmate grievances: (1) at the first step, the inmate is required to "present an issue of concern informally to staff...." 28 C.F.R. §542.13; (2) if the grievance is not resolved to the inmate's

satisfaction, he or she may then file a written Administrative Remedy Request within 20 days of the date the basis for the Request occurred.  28 C.F.R. §542.14; (3) if still not satisfied, the inmate may submit a written appeal to the appropriate Regional Director within 20 days of when the Warden signed the step two response. 28 C.F.R. §542.15; (4) the final step in the administrative process is a written appeal to the General Counsel within 30 days of the Regional Director's response.  *Id.*

### C.    Application to Plaintiff's Case

It is undisputed that Plaintiff did not initiate, much less complete, the administrative grievance process at FCI Milan.  That omission requires dismissal of the Complaint.

Plaintiff's argument that his earlier grievance proceedings at FDC Marion satisfy the exhaustion requirement in the present case is without merit.[4]  First, and most obviously, the grievances filed at Marion were directed at that prison, not FCI Milan.  Indeed, his grievance a Marion appears to have been resolved in his favor, since he was subsequently evaluated by a specialist, as he requested.

In the same vein, the Defendant in this case is the Warden at Milan, not Marion.  He alleges that it is Warden Marberry of Milan, not the Warden of Marion, who should be required to authorize foot surgery.  The law is clear that a grievance must specifically name the person who is being sued, and set forth the factual allegations specific to that person.

---

[4] As to the Marion grievances, Plaintiff has submitted his written forms, but not the administrative responses.  Nevertheless, the Court will assume for purposes of this Report and Recommendation that Plaintiff completed the administrative process while at Marion.

*Curry v. Scott, supra*. It is irrelevant whether FDC Marion and FCI Milan are in the same Region; Plaintiff is not suing the Region, he is suing the Warden at Milan. Defendant Warden Marberry was not the subject of any grievance, and thus has not had the opportunity to deal with Plaintiff's claims before they reached federal court, as required. *Id.*

Accordingly, dismissal of this Complaint is mandatory under §1997e(a). *Freeman v. Francis, supra*.

### III.   MOTION TO AUTHORIZE SURGERY

Plaintiff's Motion to Order Warden to Authorize Surgery is in effect a motion for injunctive relief, and therefore a dispositive motion which must be disposed of by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

#### A.   Standards for Granting Injunctive Relief

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and

irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### B.    Analysis

The two predominant factors in assessing a motion for injunctive relief–likelihood of success on the merits and irreparable harm–weigh overwhelmingly against granting the Plaintiff's motion

As discussed above, Plaintiff has failed to exhaust his administrative remedies as required by the PLRA, mandating the dismissal of his Complaint. He therefore has no chance of success on the merits, because the Court cannot even consider the merits.

In addition, the report of Dr. Morgan, submitted by the Plaintiff, specifically states that although the Plaintiff should have the corrective surgery at some point in the future, "[t]here is certainly no urgency or emergency that this needs to be done...." Dr. Morgan also refers to the requested procedure as "elective forefoot correction." Hence, the Plaintiff has not satisfied his burden of showing irreparable harm if elective, non-emergency surgery is not authorized.

Given the impossibility of Plaintiff's success on the merits, and the lack of showing of irreparable harm, it is not necessary to discuss the other two factors–substantial harm to others and the public interest. *See Gonzales, supra.* Plaintiff has not met his substantial burden of showing entitlement to the extraordinary remedy of injunctive relief, and therefore his motion should be denied.

## IV.   CONCLUSION

For these reasons, I recommend that the Complaint be dismissed *sua sponte*, pursuant to 28 U.S.C. §§1915(e)(2) and 1915A, for failure to exhaust administrative remedies as required by 28 U.S.C. §1997e(a). In addition, I recommend that the Motion to Order Warden to Authorize Surgery [Docket #3] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.

The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 13, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 13, 2006.

S/Gina Wilson
Judicial Assistant